# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NEASHON LAMONTE WASHINGTON,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  ) | Case No. 09-1114 |

## O R D E R

This matter is now before the Court on Petitioner, Neashon Washington's ("Washington"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Washington's § 2255 Motion [#7] is DENIED.

### BACKGROUND

In April 2006, Washington and four others were charged with conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and numerous substantive distribution offenses. Following a jury trial, he was sentenced to 140 months' imprisonment and several terms of supervised release. Washington pursued a direct appeal to the Seventh Circuit, arguing that the Court erred in entering judgment and sentencing him for distribution of cocaine base (crack) when the jury only found him guilty of distributing the powder form of cocaine. United States v. Washington, 558 F.3d 716, 717 (7th Cir. 2009).

Washington now brings this § 2255 motion in which he argues that the Court erred in determining his mandatory minimum sentence and that appellate counsel was

ineffective for failing to raise the issue on appeal. The Government has filed its response, and this Order follows.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Doe, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994).

Here, Washington's claim that the Court erred in calculating his mandatory minimum sentence is a non-constitutional issue that could have been raised on direct appeal but was not. He is therefore barred from bringing this claim unless he can demonstrate cause and prejudice from his failure to raise it on direct appeal. Washington attempts to establish cause for the default through his second claim, alleging ineffective assistance of counsel.

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment. Watson v. Anglin, 560 F.3d 687, 690 (7th Cri. 2009). The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Id., at 687-88; Wyatt v. United States, 574 F.3d 455, 458-59 (7th Cir. 2009). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991).

To demonstrate deficient performance by appellate counsel, a petitioner must show that counsel failed to argue "an issue that is both obvious and clearly stronger than the issues raised." Brown v. Finnan, ___ F.3d ___, 2010 WL 935755, at * 7 (7th

Cir. 2010), *citing* Martin v. Evans, 384 F.3d 848, 851 (7th Cir. 2004); Lee v. Davis, 328 F.3d 896, 900-01 (7th Cir. 2003).  That being said, counsel is not required to raise every nonfrivolous issue available on appeal.  Id., *citing* Martin, 384 F.3d at 852.  The petitioner must establish "a reasonable probability that the issue his appellate attorney failed to raise would have altered the outcome of the appeal, had it been raised."  Id., *citing* Lee, 328 F.3d at 901.

    The issue raised by Washington concerns the propriety of the Court making findings at the sentencing hearing that established his mandatory minimum sentence.  He identifies Harris v. United States, 536 U.S. 545 (2002), as support for his claim.  However, Harris actually stands for the proposition that judges may make factual findings at sentencing that set a statutory minimum sentence in the wake of Apprendi.  536 U.S. at 550; United States v. Clark, 538 F.3d 803, 812 (7th Cir. 2008); United States v. Rivera, 441 F.3d 864, 866 (7th Cir. 2005).  As the claim asserted by Washington is both frivolous and contrary to well-established caselaw, it was clearly not stronger than the issues raised on appeal.  In fact, it is axiomatic that counsel cannot be deemed ineffective for failing to raise a frivolous claim.  U.S. v. Rezin, 322 F.3d 443, 446 (7th Cir.2003).

    The Court further denies the request for an evidentiary hearing in this matter.  Grier is entitled to an evidentiary hearing only if he has alleged facts that, if proven, would entitle him to relief.  Sandoval v. United States, 574 F.3d 847, 850 (7th Cir. 2009).  As the factual issues relevant to Grier's claims in this action can be resolved on the record, an evidentiary hearing is not required.  Oliver v. United States, 961 F.2d 1339, 1343 (7th Cir. 1992).

**CONCLUSION**

For the reasons set forth herein, Washington's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 [#7] is DENIED. This matter is now terminated.

ENTERED this 14th day of April, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
